## STEVENS, Admr. v REICHELT

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11414

HORNBECK, PJ and KUNKLE, J (2nd Dist), and SHERICK, J (5th Dist), sitting.

Collister, Stevens & Kurzenberger, Cleveland, for Stevens.

Dowling & Dowling, Cleveland, for Reichelt.

554

KUNKLE, J.

Is the proceeding in question, a chancery case so as to permit plaintiff to appeal from the judgment of the Common Pleas Court to this court?

An examination of the statute clearly satisfies us that the action in question is purely a statutory proceeding and not a chancery case in any sense. This proceeding is defined in §10673-§10684 GC. §10673 GC provides that proceding may be had when the property of an estate is concealed or embezzled. It provides that upon complaint made to the Probate Court or the Common Pleas Court of any county by the executor or administrator, etc., the court shall cite such executor, administrator or other person suspected, to appear in court to be examined on oath.

Sec 10675 provides that when complaint is made to the Probate Court and a jury is demanded by either party, the court may forthwith reserve the case to Common Pleas Court for hearing and determination and it thereupon shall proceed in all respects as though the complaint had been originally made therein. §10675-76-77 GC provide for the examination of witnesses, etc.

Sec 10678 GC contains the following provision:

"By the verdict of a jury, if either party requires it, or without, if not required, the court shall determine whether the person or persons accused is or are guilty of either having concealed, embezzled or conveyed away money, goods, chattels, things in action or effects of such deceased person and if found guilty the amount of damages to be recovered on account thereof. In all cases, except when the person so found guilty is the executor or administrator of such deceased person, the court forthwith shall render judgment in favor of the executor or administrator, or if there be no executor or administrator, the State in favor of the State, against the person or persons so found guilty for the amount of the monies, or the value of the goods, chattels, things in action or effects so concealed, embezzled or conveyed away together with ten percent penalty and all costs of such proceedings or complaint, which judgment shall be a lien against whom it is rendered within the county, from the rendition thereof."

From an examination of the above, and other relevant sections of the Code, it is apparent that the proceeding in question is

purely a statutory one. Provision is made for the trial thereof by a jury, if desired. Upon being found guilty, a money judgment is to be rendered in favor of the estate. There is no element of a chancery proceeding connected with the complaint provided for in the sections of the Code above cited.

We think the reasoning found in the case of **In Re: Estate of Gurnea, 111 Oh St 715,** and other cases cited by counsel, also support our conclusion that this is not a chancery proceeding.

We cannot escape the conclusion but that the motion to dismiss the appeal is well taken and the same must therefore be sustained.

HORNBECK, PJ, and SHERICK, J, concur.