**HOLBROOK, Plaintiff-Appellant, v. FREY et, (FRY), Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4377.   Decided March 15, 1950.

Jerry Dennis, C. M. Voorhees. Columbus, for Reynolds E. Holbrook, Admr., Plaintiff-Appellant.

Earl Bougher, Dan A. Scarberry, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

Submitted upon motion by the defendants-appellees seeking an order dismissing the appeal on questions of law and fact for the following reasons:

1. Appeal on questions of law and fact from the Probate Court to the Court of Appeals does not lie in a chancery case.

2. No bill of exceptions has been filed herein.

The record discloses that the appeal is from the judgment of the Probate Court on a complaint filed by the plaintiff-appellant under the provisions of §§10506-67-10506-77 GC. The proceeding was one brought by the administrator of the estate of Frank H. Barnes, deceased, which stated, "that he has good cause to and does suspect and does verily believe that" said defendants-appellees herein "have concealed, embezzled or conveyed away or of being or having been in the possession of moneys, goods, chattels, things in action or effects belonging to the estate of said decedent, in fraud of the rights of complainant and others interested in said estate * * *."

This same question was determined by this Court in the case of **Stevens, Admr., v. Reichelt, 10 Abs 553,** the syllabus of which provides:

"The proceedings provided for by §§10673-10684 GC, are purely statutory, and an appeal from the Court of Appeals does not lie, since the Appellate Court has jurisdiction on appeal only in chancery cases."

The Court states at page 555 of the aforementioned case:

"There is no element of a chancery proceeding connected with the complaint provided for in the sections of the Code above cited."

**Secs. 10673-10684 GC** cited supra have since been repealed and **§§10506-67-10506-77 GC** have been enacted in their stead.

The motion to dismiss the appeal on questions of law and fact will be sustained and as provided by §11564 GC the cause will be retained for determination on questions of law only. The appellant will be granted leave to file bill of exceptions, assignment of errors and briefs in accordance with supplement to Rule VII of this Court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### AN APPEAL ON LAW

No. 4377.   Decided October 4, 1950.

By WISEMAN, J.

This is an appeal on law from the judgment of the Probate Court of Franklin County, Ohio. Complaint was filed by the administrator of the estate of Frank H. Barnes, de-

ceased, against Chris Fry and Muriel Fry, the appellees herein, for concealment of assets under §10506-67 GC. The court found that the allegations of the complaint were not well taken and dismissed the same. The court found that the title and ownership of all the property mentioned in the original complaint and in the complaint as amended was in the appellees, Chris Fry and Muriel Fry, and ordered all of said property delivered to them.

We find no errors assigned well made. The Probate Court had authority under §10506-73 GC, to hear and determine the question of title to the assets involved. **In re Estate of Howard, 79 Oh Ap 203, 72 N. E. (2d) 502; In re Estate of Black, 145 Oh St 405, 62 N. E. (2d) 90.**

The Probate Court had a right to order the complaint amended by including other assets not mentioned in the complaint as filed to conform to the evidence. **Sec. 11363 GC;** In re Estate of Howard, supra.

When the complaint is ordered amended and it is agreed to by the parties and evidence is taken on the complaint as amended without objection the complainant is estopped to complain after judgment is entered against him. The court had jurisdiction of the subject-matter and under an amended complaint had jurisdiction to hear and determine the title to assets brought into the case by said amendment. **Vol. 16 O. Jur. p. 632; §10506-73 GC; last para. §10501-53 GC.**

The fact that counsel did not specifically follow the original suggestion of the trial court with respect to amending the original complaint did not deprive the court of jurisdiction to determine the issues raised by the evidence. It has been held that,

"the mere right to have the petition amended to conform to the proof, even though the same was not done, is treated by the reviewing court as if the amendment had been made, providing the evidence in the case made the subject of the amendment a triable issue, and further provided that the issue was one of the theories upon which the case was tried." **Kronenberg v. Whale, 21 Oh Ap, 322, 334, 153 N. E. 392.** (Motion to certify record overruled, 23 O. L. R. 609); **Vol. 31 O. Jur. p. 947.**

The procedure followed in making up the issues was agreed to by counsel and approved by the court.

We have no difficulty in affirming the judgment of the trial court that the evidence showed a gift causa mortis of all assets involved. The delivery of the keys by the decedent

to the appellees was symbolic of the delivery of the assets. The securing of the possession of the keys by the complainant after his appointment as administrator for the purpose of a search for a will and to list the assets did not amount to a relinquishment of the possession of the assets by the appellees.

Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.